ON REHEARING
PER CURIAM.
In an opinion filed November 6, 1970, we reversed an order of the circuit court requiring petitioner, condemnee in an eminent domain proceeding, to produce for inspection and copying or photographing appraisals, reports, work sheets, data and other information gathered by its appraisers.
By petition for rehearing, respondent has brought to our attention the decision of the Supreme Court of Florida in Pinellas County v. Carlson et al., 242 So.2d 714, filed December 9, 1970.
Specifically we are referred to the following language in that opinion:
“ * * * The fair rule is that the State may not initiate discovery in condemnation cases, except as a reciprocal right in those cases when the condemnee has elected to discover the State’s work product. Those condemnees who do not wish to explore the State’s information should not be exposed to discovery; the policies underlying the Shell decision cannot logically be extended to reach such a result * * *
“ * * * the State’s interest is sufficiently and fairly protected if its right of discovery is restricted to those cases in which the condemnee has elected to seek discovery under Shell.”
Since the fact situation contemplated by the Supreme Court in Pinellas County v. Carlson is precisely the same as the situation in the case at bar, the petition for rehearing is granted without oral argument and our opinion of November 6, 1970, is withdrawn. Moreover, as it now appears that petitioner has not demonstrated a departure from the essential requirements of law, certiorari is denied.
Certiorari denied.
CROSS, C. J., REED, J., and McCAIN, DAVID L., Associate Judge, concur.