CARROLL, Judge.
By petition for writ of certiorari The City of Miami presents for review an order entered in an eminent domain action sustaining objection of a condemnee to interrogatories propounded to the condemnee by the city, relating to appraisal data work product.
The city’s action in eminent domain involved four parcels of land which were separately owned, and the owners of which were represented therein by separate counsel. One of the condemnees initiated such discovery against the city. Thereafter the city sought similar discovery from another of the condemnees who had not sought discovery from the city. In precluding the same, the trial court was eminently correct.
In Pinellas County v. Carlson, Fla.1971, 242 So.2d 714, the Supreme Court held that where a condemnee has availed himself of the right to have such a discovery from the condemnor the latter then reciprocally can have such discovery from the con-demnee. Therein, the Court said: “The fair rule is that the State may not initiate discovery in condemnation cases, except as a reciprocal right in those cases when the condemnee has elected to discover the State’s work product. Those condemnees who do not wish to explore the State’s information should not be exposed to discovery; the policy underlying the Shell decision [Shell v. State Road Department, Fla.1962, 135 So.2d 857] cannot logically be extended to reach such a result.” [Italics supplied.]
The question presented here is whether, when one of several condemnees in an action for eminent domain has initiated such discovery against the condemnor, the reciprocal right of the latter for discovery applies not only to that condemnee but to other condemnees in the cause who have not so acted. The trial court held that it does not, and we agree, on authority of Pinellas County v. Carlson, supra.
Certiorari is denied, and the petition is dismissed.