**FLORIDA DEPARTMENT OF TRANSPORTATION
v. GOLDEN PRINCE, Inc., et al.**
No. 72-12144.
Circuit Court, Dade County.
April 16, 1973.

</div>

Fred Reedy, Assistant Attorney, Tallahassee, for the plaintiff.

Taylor, Brion, Baker, Hames, Greene & Whitworth, Miami for one of the co-defendants.

**JOHN GALE, Circuit Judge.**

This is a condemnation proceeding brought by the plaintiff Florida Department of Transportation, to condemn land, brought against certain defendants.

The plaintiff propounded interrogatories seeking discovery from the expert witnesses of the defendant-condemnees. The defendant-condemnees have not sought discovery from the expert witness of the plaintiff.

Defendant-condemnees filed objections to these interrogatories and the plaintiff then moved, by written motion as to parcel 154, and by an *ore tenus* motion as to parcels 102, 117, 119, 130, 138, 141 and 166, to require the respective defendants to answer its interrogatories.

The case of Pinellas County v. Carlson, 242 So.2d 714 (Fla. 1971), established the law of Florida on this subject. In that case the Supreme Court of Florida held that unless the condemnees first seek this type of discovery from the condemnor, the state (condemnor) may not initiate such discovery. In our case, the condemnees have not sought such discovery. The *Carlson* case has been more recently followed in the City of Miami v. Culbertson case, 263 So.2d 245 (Fla. 3d Dist. 1972), and Corbett Motor Supply, Inc. v. City of Orlando, 245 So.2d 93 (Fla. 4th Dist. 1971).

The plaintiff argued that the new Rules of Civil Procedure, Rule 1.280(b), dictate a contrary result. The court disagrees.

Rule 1.280(b) reads in pertinent part —

"(b) Scope of Discovery. *Unless otherwise limited by order of the court* in accordance with these rules, the scope of discovery is as follows: . . ." (Emphasis added)

Thus, under the new rules the trial court still has discretion as to the scope of discovery.

Furthermore, although not binding on this court, an examination of the advisory committee notes to the Federal Rules of Civil Procedure, when they were first proposed, published at 43 F.R.D. 211 at 228-229, is helpful. The advisory committee stated that when proposing the new Rule 26(b) (Florida Rule 1.280(b), it .was intended to confer "broad powers on the courts to regulate or prevent discovery" even if the materials might otherwise be within the scope of the rules. Furthermore, the advisory committee pointed out that the new subsections in the rule *"do not change existing law."*

192

The policy of Florida as expressed by the Supreme Court in the *Carlson* case, supra, is clear. The defendant-condemnnes have sought no discovery from the plaintiff's experts. Thus plaintiff-condemnor may not initiate such discovery from the defendants.

Therefore, the court having heard argument and being otherwise duly advised in the premises, it is ordered and adjudged that — (1) Plaintiff's motion to require answers to interrogatories on parcel 154 is denied. (2) Plaintiff's *ore tenus* motion to require answers to interrogatories as to parcels 102, 117, 119, 130, 141 and 166 is also denied.